## Townsend v. Warren et al.

Oct. 27, 1939.

OPINION BY JUDGE TILFORD—Overruling motion.

This action is before a member of this Court on a motion of the defendants to dissolve a temporary injunction granted by the Circuit Court enjoining the Sheriff from collecting, and the Treasurer of the Webster County Board of Education from disbursing, a special tax of 10 cents on each $100 valuation of taxable property in the common school district of Webster County for the year 1939-1940, and directing the Fiscal Court to correct the levy theretofore made so as to eliminate the tax in question. The ground upon which the Circuit Judge granted the injunction was that a tax of 75 cents on each $100 valuation of taxable property in the school district had theretofore been levied by the Fiscal Court upon the request of the Board of Education for general school purposes, and that the special tax of 10 cents to be placed in a sinking fund for the purpose of retiring funding bonds issued by the Board of Education was unlawful because of the provisions of Section 4399-40, Kentucky Statutes, which is a part of the codification of school laws adopted by the 1934 Legislature and which became effective June 14, 1934. That section, after providing that all school taxes shall be levied by the Fiscal Court of each county except in independent school districts embracing cities of the first, second, third and fourth classes when the boundary lines of such districts are co-terminous with the municipal limits of such cities, states that the levy made by the Fiscal Court pursuant to the budget furnished by the Board of Education "in no event, shall be less than twenty-five cents (25c) nor more than one dollar and fifty cents ($1.50) annually on each one hundred dollars ($100) of property subject to local taxation; provided that no school district may request a tax levy in excess of the maximum levy now authorized for its particular type of district at the time of the passage of this Act."

It is conceded that the maximum levy authorized by law for county districts such as Webster County at the time of the passage of the 1934 Act was 75 cents annual-

ly on each $100 valuation of taxable property. Chapter 81, Acts 1926, which subsequently became Section 4399a-8, repealed by the Act of 1934.

For the defendants it is contended that the maximum levy fixed by Kentucky Statutes, 4399-40, is $1.50 on each $100 valuation of taxable property, and that the limitation imposed by the proviso limiting the maximum levy to that in effect for a particular type of district at the time of the passage of the Act was intended to apply only to the special tax levies in sub-districts provided for in Section 4399-12, Kentucky Statutes. It is apparent from an examination of the latter statute that this contention of the defendant cannot be sustained, as that section itself prescribes 75 cents as the maximum tax which may be levied and refers to the imposition of taxes by a vote of the people of such sub-districts. Furthermore, no valid reason can be suggested for the insertion in Section 4399-40 of the exception "provided that no school district may request a tax levy in excess of the maximum levy now authorized for its particular type of district at the time of the passage of this Act," unless it was intended to limit the maximum tax for each type of district to the maximum which was in force at that time.

In addition, a consideration of the conditions existing at the time of the adoption of the Act of 1934, commonly referred to as the School Code, removes any doubt as to the intention of the Legislature in enacting Section 4399-40. At that time there were in the State numerous types of school districts, such as Independent Graded Common School Districts, County Districts, and First, Second, Third and Fourth Class City Districts, and there were in force laws relating to each class and to all districts as a whole. Many of these laws contained tax levying provisions in varying degrees, and it was to eliminate the resulting confusion that the School Code was adopted. The $1.50 maximum referred to in Section 4399-40 was intended to apply to districts which, prior to the 1934 act, were permitted to levy an annual tax in excess of 75 cents on each $100 valuation of taxable property, but was not intended to apply to those districts in which the maximum levy permitted was 75 cents.

The Circuit Judge correctly held that the 10 cent special tax for the Common School District of Webster County was in excess of the maximum tax permitted by

Section 4399-40, Kentucky Statutes, and hence, the motion to dissolve the temporary injunction should be, and is, overruled.

Chief Justice Ratliff and Judges Thomas and Fulton sat with me in considering the motion, and concur in the conclusion reached.

By an order of Court this opinion will be officially published.